IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 7:23-00900-TMC |
| v. | |
| DA RON JEROME COLLINS | |

### GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE OF CRIMES, WRONGS, OR OTHER ACTS PURSUANT TO ACCEPTED LEGAL THEORY AND FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its undersigned counsel, hereby notifies the defendants of its intent to offer the following as direct evidence of guilt, as evidence intrinsic to the crimes charged and/or pursuant to Fed. R. Evid. 404(b), or as evidence admissible pursuant to any other accepted legal theory during the trial.[1]

(a)     Evidence as disseminated through discovery relating to the defendant's prior acts of violence including:

i.  The facts and circumstances that led to the dispatch of Spartanburg County deputies to the defendant's residence on May 13, 2023, in response to a reported domestic incident between the defendant and his girlfriend [CLY], including the statements of the anonymous 911 caller stated, "there was a lot going on in the house . . . an assault or domestic abuse" . . . that the defendant and his girlfriend were in the house and . . . "it sounds like somebody is choking . . . I just need you guys get here fast." When officers arrived, CLY confirmed that the defendant strangled her. Officers observed and photographed red marks on CLY's neck and chest and a bruised elbow, which CLY stated was caused by Collins' dragging her about the house.

---

[1]  This notice is designed to be mostly general in nature. If defense counsel has questions about the Government's intentions with respect to specific evidence, counsel may contact the undersigned counsel for the Government.

  ii. The facts and circumstances that led to charges of assault consummated by battery on or about July 27, 2018, in violation of the Uniform Code of Military Justice ("UCMJ") Article 128b, and three violations of military protective orders in February 2018, on April 21, 2018, and on May 7, 2018, against the defendant at U.S. Army Garrison Bavaria, Grafenwöhr, Germany.

  iii. The facts and circumstances of the military police investigation at Fort Drum, New York on April 1, 2015, of during which the defendant was charged with communicating a threat, in violation of Article 134 of the UCMJ.

  iv. The facts and circumstances that led to the defendant's February 24, 2006, arrest by the Pierce County Sheriff's Office in Parkland, Washington for fourth degree domestic violence assault.

(b) Evidence as disseminated through discovery relating to false statements the defendant provided on May 16, 2023, regarding his observations and knowledge of CLY's actions on May 15, 2023.

(c) Evidence as disseminated through discovery relating to threats directed at potential witnesses in this case and in related investigations made by the defendant on August 25, 2023.

(d) Evidence as disseminated through discovery relating to the defendant's intentional concealment and destruction of certain home security video evidence.

The United States argues that most, if not all of the evidence summarized above is intrinsic to the crime and, therefore, not subject to the limitations of Fed. R. Evid 404(b). In a published case, the Fourth Circuit examined the relationship between these two doctrines and summarized its jurisprudence with respect to the two and Fed. R. Evid. 403 as follows:

> "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Such evidence, however, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Furthermore, "to be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *United States v. Siegel,* 536 F.3d 306, 317 (4th Cir. 2008), *cert. denied,* --- U.S. ----, 129 S.Ct. 770, 172 L.Ed.2d 760 (2008) (internal quotation marks omitted).[2]

---

[2] "[W]hen a defendant has been charged with attempted or actual obstruction of justice with

Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Young,* 248 F.3d 260, 271-72 (4th Cir.2001) (internal quotation marks omitted). And, "[a]s a rule of inclusion, the rule's list is not exhaustive." *United States v. Queen,* 132 F.3d 991, 994-95 (4th Cir.1997). The Rule 404(b) inquiry, however, applies only to evidence of other acts that are "extrinsic to the one charged." *United States v. Chin,* 83 F.3d 83, 87 (4th Cir. 1996). "[A]cts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* at 87-88. "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.' " *Siegel,* 536 F.3d at 316 (quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir.1994)). *See also Chin,* 83 F.3d at 88 (noting "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged" (internal quotation marks omitted)). Evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir.2007).

Rule 403 provides a more limited bar to otherwise admissible evidence:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Evid. 403. "Evidence sought to be admitted under Rule 404(b) must also satisfy Rule 403's requirement." *Siegel,* 536 F.3d at 319. Under this rule, "damage to a defendant's case is not a basis for excluding probative evidence," because

---

respect to a given crime, evidence of the underlying crime and the defendant's part in it is admissible to show the motive for his efforts to interfere with the judicial processes." *United States v. Hornsby,* 666 F.3d 296, 311 (4th Cir. 2012), quoting *United States v. Willoughby,* 860 F.2d 15, 24 (2d Cir. 1988). In *Siegel,* 536 F.3d 306, 317–18, the Fourth Circuit reversed the district court's exclusion of prior crimes and bad acts evidence in an obstruction of justice prosecution because it found, in part, that the evidence gave the jury a basis for concluding that the defendant had a very strong interest in killing a government witness. The Court also determined that evidence intrinsic to the crime was admissible to prove motive because it was necessary to complete the "story" of why the defendant interfered with the investigation. *Id.* at 316. Like *Siegel,* the evidence with respect to the prior instances of domestic violence is necessary to complete the story of Collins' interference with the federal investigation against him and his intent to tamper with evidence and witnesses. *See also Queen,* 132 F.3d 991, 993-95 (upholding admission of evidence, in a witness tampering case, that the defendant had intimidated two witnesses in an unrelated, earlier prosecution).

"[e]vidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond,* 137 F.3d 823, 833 (4th Cir.1998); *see also* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.21(3)(b) (Joseph M. McLaughlin, ed., 2d. Ed.2002) (noting "[u]nfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence"). Rule 403 "only requires suppression of evidence that results in unfair prejudice-prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice *substantially* outweighs the probative value of the evidence." *United States v. Mohr,* 318 F.3d 613, 619-20 (4th Cir.2003) (internal quotation marks omitted). Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

*Basham*, 561 F. 3d. 302, 326-27.

The United States reserves the right to amend this notice.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:     */s/ Leesa Washington*
LEESA WASHINGTON (Fed ID 06973)
Assistant United States Attorney
55 Beattie Place, Ste. 700
Greenville, SC 29601
Telephone 864-282-2100
Email: Leesa.Washington@usdoj.gov

December 13, 2023