IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 7:23-00900-TMC-1 |
| v. | |
| DA RON JEROME COLLINS | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE</u>**

Pending before the Court is the Defendant's motion for a continuance of the case beyond the current term of court. ECF No. 46. Given its limited knowledge regarding the reasons for the pending request, the Government takes no position regarding resolution of the motion and defers to the Court's discretion.

On November 14, 2023, a federal grand jury returned a two-count indictment that charges the Defendant with obstructing a possible violation of 18 U.S.C. § 1201(a), kidnapping, in violation of 18 U.S.C. § 1519, and witness tampering, in violation of 18 U.S.C. § 1512(b)(3).[1] ECF No. 2. On November 15, 2023, the Defendant was arrested and appeared for arraignment. The Federal Public Defender was appointed to represent the Defendant. The Government moved for detention. Magistrate Kevin F. McDonald scheduled a detention hearing for November 21, 2023. On November 20, 2023, the Defendant waived bail. ECF No. 23. Thereafter, the magistrate entered an order of detention. ECF No. 25. The Defendant has been held in federal custody since his arrest.

---

[1] On June 1, 2023, the Defendant was arrested on related charges pending in Spartanburg County General Sessions Court for grand larceny, in violation of South Carolina Code § 16-13-30 (2019) and obstruction of justice, in violation of § 16-9-340 (2022).

On January 31, 2024, due to a conflict of interest, the Federal Public Defender was terminated from the case. The Defendant's current counsel was appointed. On March 27, 2024, without objection from the Government, the Court granted the Defendant's oral motion for continuance. On May 8, 2024, the Defendant moved for a continuance. ECF No. 46. It appears the Defendant's current motion is premised on the same arguments made in his previous request for a continuance and considered by the Court in setting the current scheduling order. Given the limited information known to the Government regarding the basis for the pending motion and the apparent similarity between the justification for the previous and current request for delay, the Government is not in a position to determine whether a continuance of this matter beyond the current term of court is warranted.

"Trial judges necessarily require a great deal of latitude in scheduling trials." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *see United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990) ("[T]he burdensome task of assembling a trial counsels against continuances, and, therefore, the trial courts must be granted broad discretion."). In determining whether a continuance should be granted, the Government is mindful of crime victims' "right to proceedings free from *unreasonable* delay." 18 U.S.C. § 3771(a)(7) (emphasis added). However, "[w]hile timely resolutions of disputes are important, there cannot be an unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay." *United States v. Colon*, 975 F.2d 128, 130 (4th Cir. 1992) (internal quotation marks omitted); *see United States v. Clinger*, 681 F.2d 221, 224 (4th Cir. 1982). ("[W]e emphasize the higher priority we place upon justice as opposed to judicial expediency.").

For the foregoing reasons, if the Court determines a continuance is warranted, the Government requests that the Court grant the Defendant no more than a one-term continuance.

        Respectfully submitted,

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

By:  */s/ Leesa Washington*
    LEESA WASHINGTON (Fed ID 06973)
    Assistant United States Attorney
    55 Beattie Place, Ste. 700
    Greenville, SC 29601
    Telephone 864-282-2100
    Email: Leesa.Washington@usdoj.gov

May 11, 2024

3