AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   7:23-cr-900 |
| Da Ron Jerome Collins ) | |
| _Defendant_ ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** _(previous violator)_: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Attachment to Detention Order.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 07/24/2024

Kevin F. McDonald
United States Magistrate Judge

Case No. 7:23-cr-900
Attachment to Detention Order

The defendant is indicted for Obstruction of Justice and Witness Tampering. The government moves for detention pursuant to 18 U.S.C. 3142(f)(2)(A) and (B). With evidentiary exhibits of officer body cam video, 911 audio, recorded jail calls, and still shots from flock / surveillance camera footage, the government proffered that on Saturday, May 13, 2023, officers responded to a 911 domestic violence call from the defendant's daughter at the couple's Pratt Drive residence. The defendant and Ms. Young were captured on a responding officer's body cam, with Ms. Young displaying minor marks on her neck, an injury to her elbow, and a torn shirt. Ms. Young stated that during an argument, she told the defendant that she was considering breaking up and the defendant forced her out the backdoor, indicating he had caused her injuries. Though the house had surveillance cameras, the officers were unable to access them, and at the insistence of Ms. Young, no charges were brought.

Two days later, Monday, May 15, 2023, Ms. Young went to work until her shift ended at 4:00 p.m. Flock cameras captured her car stopping at a store for approximately 23 minutes before returning home at approximately 4:51 p.m., when her car was captured in front of the home by a neighbor's surveillance camera. Investigators determined that her cell phone went completely inactive soon after arriving. Ms. Young was not seen on any video surveillance after her arrival. At 5:24 p.m., the defendant was seen on camera exiting the house and accessing Ms. Young's car.

The following day, Tuesday, May 16, 2023, Ms. Young did not report for work, and concerned co-workers sought a welfare check and notified Ms. Young's mother-figure Ms. Springer. Ms. Springer called the defendant, who said Ms. Young never came home from work on Monday. When officers and Ms. Springer arrived at the Pratt Drive home, the defendant stated contradictorily that Ms. Young had in fact come home, but had left soon after and he didn't know her whereabouts. Noting the home's surveillance cameras, officers asked the defendant to provide this footage, but the defendant said the system was somehow unplugged, so no footage (or footage from the previous days) was available. Investigators later determined that the defendant's surveillance system permits him to record and delete from his phone app.

On Wednesday, May 17, 2023, other officers re-interviewed the defendant at his home, and he stated that Ms. Young had arrived at the home on the 15th around 5:00, stayed for an hour, then left driving her car. He also stated that he had stayed at the house after her departure. Investigators provided the car information to the media for the public's assistance in locating it.

The following day, Thursday, May 18, 2023, the car was located at an area apartment complex. Surveillance video shows an individual -- identified as the defendant by his daughter -- driving the car into the parking space on May 15th at 7:47 p.m., appearing to wipe it down, then walking away. Another flock camera captured the same individual later walking back into the defendant's neighborhood a few minutes later. In the car, Ms. Young's personal items were located except for her phone.

The government conceded that the defendant does not have a criminal record, but proffered three separate incidents of domestic violence/threatening conduct while the defendant served in the US Army, two of which involved his female partner at the time. The evidence for each incident was determined to support a finding of probable cause and a resolution of "founded," and each was resolved administratively by the Army, with sanctions imposed upon the defendant.

The defendant was arrested on state charges for obstruction of justice and grand larceny for

allegedly misleading officers regarding Ms. Young's car, and was placed on bond. However, he twice violated that bond by first being in constructive possession of an AR-15 rifle, ammunition magazines, and tactical gear, and then later leaving the state without permission. A bond was again entered by the state court, though the state prosecutor advised the AUSA here that the defendant's military history of domestic violence was not considered by the state judge.

Included with the evidence are two jail phone calls (Ex. 3 and 4) made by the defendant to his daughter and his brother. In both calls, the defendant expresses his desire to punch his daughter in the face over her mishandling of his house keys and his car while he was in jail. The government proffered that these calls were made after the defendant became aware that his daughter had cooperated / assisted law enforcement regarding Ms. Young's disappearance and the defendant's alleged involvement.

At the hearing, Ms. Young's cousin, Ms. Alverson, spoke on behalf of Ms. Young's family and friends. She stated that should the defendant be released, they all felt they would be in danger, and they were all concerned that he would pose a flight risk.

The defendant, through counsel, submitted that he was an honorably discharged veteran with 20 years of active service, that he was a homeowner in the community, and that he had a good job. He acknowledged that he had previously violated the terms of his state bond, but was willing to participate in a location monitoring program as a condition of bond.

Having considered all of the exhibits and proffered evidence, the undersigned finds that the defendant poses a serious risk of flight, and further that his release poses a serious risk to the integrity of the investigation in the form of obstruction of justice and witness intimidation. Relatedly, and while not expressly advanced by the government as grounds for detention, the undersigned is concerned that the defendant presents a serious risk of danger to potential witnesses, given his military history of domestic violence and the threatening language he displayed toward his daughter on the recorded jail calls.

Accordingly, the defendant is order detained.