UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DA RON JEROME COLLINS,<br><br>DEFENDANT. | Dockett Number: 7:23-cr-900-1<br><br>**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM** |

  The Defendant, Da Ron Jerome Collins, by and through his undersigned counsel, respectfully moves this Honorable Court to vary downward from the advisory guideline range of imprisonment of 37-46 months. (PSR ¶ 111)

  Both Government and Defense counsels filed objections to the presentence report. (PSR) The Defendant moves this Court for a downward variance from the low end of the guideline range of 37 months. A sentence of *time served* would represent a sentence sufficient but not greater than necessary to satisfy § 3553(a) sentencing objectives. Should the Court decline to impose a sentence of time served, the Defendant respectfully asks the Court to sentence him near the low end of the sentencing guidelines as established in the PSR.

Title 18 § 3553(a)

  Title 18 § 3553(a) provides that "[t]he court shall impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing. (emphases added). The relevant sentencing objectives are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and rehabilitate

1

the defendant in the most effective manner; (3) the kinds of sentences available; (4) the Guidelines range; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparity among similarly situated defendants; and (7) the need to provide restitution to victims of the offense.

<u>Defendant's personal history and characteristics</u>

Da Ron Jerome Collins was born in New York (Queens) and is currently 49 years old. He was raised primarily by his single mother. He was close to his mother and his great aunt. His great aunt was more of a disciplinarian. The Defendant is the first from his family to graduate from high school. His mother died at age 69 from cancer during the time Mr. Collins has been detained in Federal Custody. The Defendant's father was essentially absent and did not provide assistance personally or financially. He is also deceased. (PSR ¶ 90)   Although Mr. Collins had a supportive and positive upbringing he grew up in a major city. As a young child he witnessed occurrences of violent crime, drug distribution and drug abuse. He recalled that at an early age he witnessed someone being shot. He did not involve himself in illegal activities.

Unlike many individuals the Court sees regularly, Mr. Collins does not have a history of alcohol or substance abuse.

He has two daughters born from separate relationships. His daughters are ages 24 and 15. (PSR ¶¶ 91 and 92)

<u>Military Service</u>

Paragraphs 101 and 102 confirmed the Defendant's record of military service. He served 19 years and 4 months in the United States Army.

Society as a whole, made decisions decades ago, to treat veterans of the United States military with special consideration. Society recognizes that those who serve their country, often at

very young ages, do so at great sacrifice. This is particularly true of those that served in the military during foreign conflicts. Some examples of benefits designed just for veterans are health care benefits, and educational tuition assistance. The Veterans Health Administration provides integrated health care services for certain veterans. Throughout the United States, including Greenville County South Carolina, Veterans Court was developed to assist with special needs common among some veterans of the United States military.

Mr. Collins served in Afghanistan from July 8, 2002, until January 23, 2003, and again from April 28, 2009, until July 8, 2010. He served in Iraq from August 7, 2003, until October 10, 2003, and then again from April 4, 2007, until July 8, 2007. He retired from the Army as a Staff Sergeant, E-6. (PSR ¶ 101)

Mr. Collins received the following commendations: Meritorious Service Medal; Army Commendation Medal (5th Award); Army Achievement Medal (4th Award); Army Good Conduct Medal (5th Award); National Defense Service Medal; Global War on Terrorism Service Medal; Korea Defense Service Medal; Afghanistan Campaign Medal with two reenlistments; Campaign Medal with 2 Campaign Stars; Non-Commissioned Officer Professional Development Ribbon (2nd Award); Army Service Ribbon; Overseas Service Ribbon (4th Award); NATO Medal; Parachutist Badge; and Driver and Mechanics Badge. (PSR ¶ 102)

The Defendant is proud of his military service. Like so many who serve, he seldom mentions it to others. He stated he first volunteered for the Army to help provide for his pregnant girlfriend. Once he was in the Army, he totally committed to long-term military service and eventually retired from service. The United States Army is all voluntary service. Mr. Collins's record of military service including his four separate deployments in two foreign conflicts favors the relief sought by this Motion.

<u>A sentence sufficient but not greater than necessary</u>

A sentence of either time served or alternatively a sentence near the low end of the advisory guideline range addresses § 3553(a) factors. The Defendant has been in continuous federal custody since his arrest on November 15, 2023. At sentencing, he will have served 18 months and 14 days. The time Mr. Collins has spent in custody has already gone a long way toward satisfying the sentencing objectives of just punishment, deterrence, and respect for the law for this obstruction of justice case.

Mr. Collins is among those individuals at lowest risk to reoffend. He has zero criminal history points. This in conjunction with his age (49), places him in the lowest risk of recidivist behaviors.

The average sentence imposed for comparable defendants (in terms of offense level and criminal history category, excluding defendants who received 5K1.1 departures) was *23 months*. (PSR § 136)

The Defendant appreciates any consideration the Court deems appropriate

Additional arguments and factors will be brought forth by defense counsel at the sentencing hearings currently pending before the Court.

                                                Respectfully submitted:
                                                BRADLEY BENNETT
                                                ATTORNEY FOR DEFENDANT

                                                By: *s/Bradley Bennett* (Fed. ID # 8011)
                                                The Law Office of Bradley Bennett
                                                3703 White Horse Road
                                                Greenville, SC 29611
                                                Telephone: (864) 232-5800
                                                Email: jbradleybennettlaw@gmail.com

May 14, 2025