

**UNITED STATES DEPARTMENT OF JUSTICE**
*United States Attorney's Office*
*District of South Carolina*

| | | | |
|---|---|---|---|
| Wells Fargo Building | 151 Meeting Street | John L. McMillan Federal | One Liberty Square Bldg. |
| Suite 500 | Suite 200 | Building, Room 222 | Suite 700 |
| 1441 Main Street | Post Office Box 978 | 401 W. Evans Street | 55Beattie Place |
| Columbia, SC 29201 | Charleston, SC 29402 | Post Office Box 1567 | Greenville, SC 29601 |
| (803) 929-3000 | (843) 727-4381 | Florence, SC 29503 | (864) 282-2100 |
| FAX (803) 254-2912 | FAX (843) 727-4443 | (843) 665-6688 | FAX (864) 233-3158 |
| | | FAX (843) 678-8809 | |

**Reply to:  Greenville, SC**

June 1, 2025

<u>Via ECF</u>
The Honorable Timothy M. Cain
Chief United States District Judge
G. Ross Anderson, Jr. Federal Building
and United States Courthouse
315 South McDuffie Street
Anderson, South Carolina 29624

RE:  <u>United States v. Da Ron Jerome Collins</u>, Criminal No: 7:23-00900-TMC

Dear Judge Cain:

During the ongoing sentencing hearing, the Court expressed its concern about the basis for federal jurisdiction in this case, questioning whether a federal kidnapping investigation existed at the time of the offenses of conviction and the extent of that investigation. The Government supplements its response as follows.

This case originated in the Spartanburg County Sheriff's Office on May 16, 2023, when the Defendant's live-in girlfriend, Casey Young, was reported missing. Where the circumstances of a missing person investigation indicate a strong possibility of foul play, individuals initially thought to be voluntarily absent from their normal life can be victims of kidnapping, murder, or some other federal or state criminal act. Special Agent Matt Wilde, FBI, testified that collaboration between his team and state law enforcement was commonplace and that he became involved in the investigation within a week of the filing of the missing person report. Thereafter, the ATF became involved in the investigation.

The Defendant pled guilty to an indictment which alleges that he obstructed justice, in violation of 18 U.S.C. § 1519, and committed witness tampering under 18 U.S.C. § 1512(b)(3), in connection with a federal kidnapping investigation. By pleading guilty, the Defendant necessarily admitted that his conduct violated the statutes of conviction. *United States v. Pittman*, 125 F.4th

527, 530-31 (4th Cir. 2025). By failing to raise the argument in a pretrial motion, he has waived this challenge that the statutes of conviction did not reach his conduct.

To prove obstruction of justice, the government must show (1) the defendant knowingly destroyed, concealed, or covered up any record, document, or tangible object; (2) the defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter; and (3) the matter was within the jurisdiction of a department or agency of the United States. As to the third element, there is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, only that the acts were taken in relation to or in contemplation of any such matter or investigation. *United States v. Hassler*, 992 F.3d 243, 245 (4th Cir. 2021); *Yates v. United States*, 574 U.S. 528, 547 (2015) ("[Section 1519] covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement.").

The elements of witness tampering under §1512(b)(3), which criminalizes the *transfer* of misleading information that relates to a *potential* federal offense are: (1) the defendant knowingly engaged in misleading conduct toward another person, (2) with the intent to hinder, delay, or prevent the communication to a law enforcement officer of information related to the commission or possible commission of a federal offense, and (3) that it was reasonably likely that the information would have been transferred to a federal law enforcement officer or judge. Again, there is no requirement to show the recipient of the deceptive information be involved in an ongoing federal investigation or in an investigation of a federal crime. It is sufficient that the defendant intended to influence an investigation that later turned out to be federal. *See United States v. Perry*, 335 F.3d 316, 320–21 (4th Cir. 2003); *Fowler v. United States*, 563 U.S. 668, 678 (2011). Courts have inferred the reasonable likelihood standard in *Fowler* from the federal nature of a crime plus "additional appropriate evidence," including proof of close cooperation between state and federal law enforcement. *See United States v. Smith*, 723 F.3d 510, 518 (4th Cir. 2013) (quotation omitted); *United States v. Ramos-Cruz*, 667 F.3d 487, 495, 497 (4th Cir. 2012) (applying the *Fowler* standard); *see also Perry*, 335 F.3d at 322 n.9 ("Nothing in § 1512(b)(3) suggests that the recipient of the deceptive information must be involved in an ongoing federal investigation, or in an investigation of a federal crime.").

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:    *s/Leesa Washington*
       Leesa Washington (Fed ID 06973)
       Assistant United States Attorney
       55 Beattie Place, Ste. 700
       Greenville, South Carolina 29601

2