IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 7:23-cr-00900-TMC |
| | ) | |
| vs. | ) | **DEFENDANT'S RESPONSE BRIEF** |
| | ) | **PURSUANT TO THIS HONORABLE COURT'S** |
| | ) | **ORDER AT ECF-95** |
| | ) | |
| DA RON COLLINS | ) | |
| | ) | |

**COMES NOW** Defendant, Da Ron Collins by and through his undersigned counsel, and responds to the Government's Brief.  (ECF No. 104)

## Brief Background

On July 29, 2024, Mr. Collins entered a guilty plea to Count One and Count Two of his Indictment after arraignment in open court.  (ECF No. 75) Count One, was for "Obstruction of Justice" in violation of Title 18 U.S.C. Section 1519 and Count Two, was for "Witness Tampering" in violation of Title 18 U.S.C. Section 1512(b)(3).

In pertinent part, the statute for Count One "Obstruction of Justice" provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be [guilty of a crime].

18 U.S.C. Section 1519

Mr. Collins violated the statute in Count One when he relocated his then girlfriend, Casey Lavonne Young's (hereinafter "Ms.Young") car away from his residence and parked it at a local

1

apartment complex.  Mr. Collins's acts were done in an effort to conceal the tangible object of Young's car being located at Collins's residence during the pendency of a missing persons investigation of Ms. Young.

In pertinent part, the statute for Count Two "Witness Tampering" provides:

> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
> > (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense … shall be [guilty of a crime].

Title 18 U.S.C. § 1512(b)(3).

Mr. Young violated the statute in Count Two when he mislead authorities about the whereabouts of Young's car and failed to admit he had relocated Ms. Young's vehicle to a nearby apartment complex.

During his Plea Colloquy, Defendant Collins accepted responsibility for his acts and admitted his guilt to both counts within his Indictment.  As the record shows, Mr. Collins entered a knowing, intelligent and voluntary plea of guilty at his Plea Hearing free from any coercion, force or promise.

However, during the plea hearing the Assistant United States Attorney editorialized during her summary of the evidence the government would be prepared to prove at trial so as to establish an independent factual basis for each offense.  Undersigned counsel raised this issue with the Court by stating:

> "Your Honor, Mr. Collins is ready, willing, and able to accept the government's recitation in regard to 18 U.S.C. 1519 obstruction of justice and 18 U.S.C. 1512(b)(3). We do have; however, some issues related to the colloquy that the assistant U.S. attorney put forward, specifically some editorialized details…such as an example, the statement was made that on the 911 call that Mr. Collins' daughter called stating that she saw that Ms. Young was being choked. That's not what the record demonstrates. It's just the opposite.  The fact that Mr. Collins' daughter specifically stated that she did not witness anything, it just sounded like someone was being choked.  And I

know it might sound like I'm splitting hairs here, Your Honor, and I apologize if that's what it sounds like. But I do think because this case has an equally important and tracking state case currently on Mr. Collins' behalf, and I have communicated with his state court lawyer, Mr. Michael Moore, on numerous occasions that those types of editorializations could be problematic in his state case which is still pending and is irrelevant here to today's purposes for accepting responsibility and accepting the statement of facts because, again, Mr. Collins does, in fact, take responsibility and pleads guilty based on 18 U.S.C. 1519 and 18 U.S.C. 1512(b)(3). Thank you."

(*Guilty Plea,* ECF No. 96, TR 26-27: 1316)

The Court thereafter questioned Mr. Collins to verify his agreement with undersigned counsel's issues with the government's editorializing during the factual summary when it questioned:

> **THE COURT:** All right. Mr. Collins, did you hear and understand what your lawyer just said?
>
> **THE DEFENDANT:** I have, sir.
>
> **THE COURT:** Do you agree with what he said in-so-far as that you are admitting to any conduct described in the government's presentation which would consist of violations of the statute set forth in your indictment?
>
> **THE DEFENDANT:** I do, sir.

(*Guilty Plea,* ECF No. 96, TR 27: 17-24)

The Court then went through a detailed recitation of the two criminal charges Mr. Collins was offering to plead guilty to that day. In conclusion, the Court questioned Mr. Collins, the government and undersigned counsel:

> **THE COURT: So**, after hearing the recitation of the facts from the government, you're admitting to the facts set forth in that recitation that apply to these two charges in this federal court?
> **THE DEFENDANT:** That's correct, sir.
> **THE COURT:** Okay. Is that acceptable to the government?
> **MS. WASHINGTON:** Yes, sir.
> **THE COURT:** Anything else on that, Mr. Bennett?
> **MR. BENNETT:** No, sir. Thank you, Your Honor.
> **THE COURT:** Is there anything else from the government with respect to the change of plea hearing today?
> **MS. WASHINGTON:** No, Your Honor.

**THE COURT:** Anything else on behalf of the defendant with respect to the change of plea hearing?

**MR. BENNETT:** No, sir, Your Honor.

**THE COURT:** Well, Mr. Collins, I inform you that a guilty plea is a grave and solemn act which should be entered into with great care after receiving the close assistance of counsel, having been informed of your rights and upon consideration of all of the information presented. Do you still wish to plead guilty?

**THE DEFENDANT:** That's correct, sir.

## Argument

Undersigned counsel believes Mr. Collins entered a voluntary and intelligent guilty plea at his Ple Hearing. Undersigned counsel believes there is sufficient evidence to form the factual basis for Mr. Collins's guilty plea. Furthermore, the defense contends the factual basis is sufficient to subjectively satisfy this Honorable Court that the factual basis extends to each and every element of the indicted offenses.

In making the Rule 11(b)(3) determination, the district court "possesses wide discretion," and it "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir.1997). The district court is not required to "replicate the trial that the parties sought to avoid," id.. Rather, the District Court "may conclude that a factual basis exists from anything that appears on the record," id. (citation and internal punctuation omitted), and "it may defer its inquiry until sentencing," United States v. Martinez, 277 F.3d 517, 531 (4th Cir.2002).

The weak link in the factual basis of this case is the "Federal Hook" or "Federal Nexus" between the originating and ongoing Spartanburg County investigation of a missing person's report concerning the whereabouts of Young and this federal prosecution. The defense contends that the government's efforts to shoehorn every fact in this case into a murderous act by Mr. Collins unnecessarily waters-down the salient factual basis for the actual two charges he was indicted on and pled guilty to in open Court.

4

Specifically, the elements for Count One, "Obstruction of Justice" under Title 18 U.S.C. Section 1519 are:

1) The Defendant altered, destroyed or concealed a record, document or tangible object.
2) The Defendant did so knowingly, and
3) The Defendant intended to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States of America.

Simply put, Mr. Collins has admitted and/or the record sufficiently reflects that he moved Young's car away from his residence to an apartment complex. He moved Ms. Young's vehicle knowingly and with the intent to influence the investigation.

The government throughout this case never ceases to attempt to extend and correlate Mr. Collin's admitted obstructionist conduct of relocating Ms. Young's car with a hypothetical murder.

A hypothetical murder which has never been proven to have occurred. A hypothetical murder for which Mr. Collins has never been charged with in either state or federal court. A hypothetical murder which the government has provided zero physical evidence of ever occurring. A hypothetical murder the government has provided zero forensic evidence of ever occurring.

The elements as to Count Two "Witness Tampering" under Title 18 U.S.C. Section 1512(b)(3) are:

1) The Defendant knowingly and corruptly engaged in misleading conduct toward another person
2) The Defendant acted with the intent to hinder, delay or prevent the communication of information, and that it is reasonably likely that, if the misleading conduct had not occurred, at least one relevant communication would have been made to a federal law enforcement officer or federal judge; and
3) Such truthful information related to the commission or possible commission of a federal offense.

Mr. Collins has admitted and/or the record sufficiently reflects that Mr. Collins lied to the authorities about the true location of Ms. Young's vehicle and his acts of relocating Ms. Young's vehicle away from his residence.

Additionally, the government alleged the following relevant jurisdictional elements in the Indictment and/or at the guilty plea hearing which assist in demonstrating that a factual basis exists for the Court to be subjectively satisfied that the factual basis is sufficient to prove each element of the charged offense of Witness Tampering.

1) "…Collins, knowingly and intentionally mislead investigators of the Spartanburg County Sheriff's Office investigating the possible kidnapping of his dating and intimate partner by providing a false and misleading account of his observations and contact with Ms. Young on May 15, 2023." Specifically, the Indictment contends Mr. Collins, falsely claimed that Ms. Young transported herself away from Mr. Collin's residence when in truth and fact Mr. Collins retained possession of the vehicle until he relocated and abandoned the vehicle at a local apartment complex. (Indictment ECF No. 2: p.2)

2) At the Guilty Plea Hearing the government alleged multiple jurisdictional elements for Count Two (Witness Tampering). Specifically, during the government's summary of evidence the Assistant United States Attorney indicated the Spartanburg County Sheriff's Office disseminated a missing persons BOLO for Ms. Young and her vehicle and entered identifying information into The National Crime Information Center (NCIC).

(*Guilty Plea,* ECF No. 96, TR 23: 21-4)

3) Additionally, at the Guilty Plea Hearing the government contended, "The Spartanburg County Sheriff's Office enlisted the help of the FBI to help analyze cell phone records

and other location data relevant to the investigation. Circumstances of a missing person investigation indicated possibility of foul play. Individuals thought to be voluntarily absent from their normal life can be victims of kidnapping or some other criminal act. Federal kidnapping under 18 U.S.C. Section 1201(a) is an offense within the jurisdiction of the Department of Justice, a department of the United States.

(*Guilty Plea,* ECF No. 96, TR 23-24: 7-11)

The defense contends the government has watered down the "Federal Nexus" evidence of its case in its attempt to transmogrify an Obstruction of Justice and Witness Tampering case into a murder case.  Arguably, this has been done by the government in hopes of obtaining a far greater sentence of 240 months than the 37 – 46 months called for within Mr. Collins's Pre-Sentence Report.  (See Government's Motion and Memorandum of Law in Support of Motion for Upward Variance ECF No. 87: p.1)

Mr. Collins understands the issue of whether the government can/has proven that the case concerned a federal matter with a "Federal Nexus" is an issue that he could raise before a jury.  That the jury could find him not guilty based on an argument that there was no "Federal Nexus" and thus, a missing element from both of the counts within the Indictment.

On the other hand, Mr. Collins also understands that if the jury finds sufficient evidence of the other elements of these offenses, they may be more inclined to check the jurisdictional box in favor of the government, in light of their bias toward law enforcement and their presumption that the government would not bring the case if they did not have jurisdiction.  Weighing his options, discussing them with undersigned counsel, and fully ruminating on these questions resulted in the defendant deciding to waive his right to a jury trial with the hope that the

acceptance of responsibility he received, along with the option of a downward variance, would get him a shorter sentence.

## Prayer for Relief

For the above-stated reasons and evidence, Mr. Collins entered his plea of guilt knowingly, intelligently, voluntarily and is prepared to proceed to sentencing.

Respectfully submitted:
BRADLEY BENNETT
ATTORNEY FOR DEFENDANT

By: *s/Bradley Bennett* (Fed. ID # 8011)
The Law Office of Bradley Bennett
3703 White Horse Road
Greenville, SC 29611
Telephone: (864) 232-5800
Email: jbradleybennettlaw@gmail.com

September 30, 2025